1  Richard A. Lazenby (State Bar No.: 202105)
   CONDON & FORSYTH LLP
2  1901 Avenue of the Stars, Suite 850
   Los Angeles, California 90067-6010
3  Telephone: (310) 557-2030
   Facsimile: (310) 557-1299
4  Email: rlazenby@condonlaw.com

5  Attorneys for Defendant and Third-Party Plaintiff
   HAWAIIAN AIRLINES, INC.
6
   LON B. ISAACSON ASSOCIATES
7  An Affiliation Including A
   Professional Law Corporation
8  Stephen R. Onstot, Esq.  (SBN 139319)
   3435 Wilshire Boulevard, Suite 2910
9  Los Angeles, California 90010-2015
   Telephone Number:  (213) 487-7200
10 Fax Number:  (213) 383-2884
   After Hours:  (310) 995-4444
11
   Attorney for Plaintiff
12 JULIE MARIE THOMPSON

13                UNITED STATES DISTRICT COURT

14               CENTRAL DISTRICT OF CALIFORNIA

15
   JULIA MARIE THOMPSON, an          )  Case No. CV09-4515 CAS (PLAx)
16 individual,                       )
                                     )  **ORDER REGARDING
17              Plaintiff,           )  PROTECTION OF
                                     )  CONFIDENTIAL DOCUMENTS
18       vs.                         )  AND INFORMATION**
                                     )
19 HAWAIIAN AIRLINES, INC., a Hawaii )
   corporation; and DOES 1-10, inclusive, )  **NOTE CHANGES
20                                   )  MADE BY THE COURT**
                Defendants.          )  (see page 6)
21                                   )
                                     )
22 ─────────────────────────────────)
                                     )
23 HAWAIIAN AIRLINES, INC., a Hawaii )
   corporation,                      )
24                                   )
           Third-Party Plaintiff,    )
25                                   )
        vs.                          )
26                                   )
   DANNY STEELE,                     )
27                                   )
           Third-Party Defendant.    )
28

[PROPOSED] PROTECTIVE ORDER REGARDING
PROTECTION OF CONFIDENTIAL DOCUMENTS AND
INFORMATION
CASE NO. CV09-4515 CAS (PLAx)                          8475V.1

1   Plaintiff JULIA MARIE THOMPSON and Defendant HAWAIIAN

2   AIRLINES, INC. submitted an amended stipulated protective order regarding the

3   confidential treatment of certain documents and information in the above-

4   captioned action.

5   Based upon stipulation of the parties, and good cause appearing, documents

6   and information deemed "Confidential" by the parties shall be treated as such, and

7   in accordance with the terms of the Amended Stipulation and Protective Order

8   Regarding Protection of Confidential Documents and Information on file herein.

9   **IT IS SO ORDERED.**

10

11  Dated:  March 10, 2010

12                                          /s/ - Paul L. Abrams
                                            Honorable Paul L. Abrams
13                                          United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

[PROPOSED] PROTECTIVE ORDER REGARDING
PROTECTION OF CONFIDENTIAL DOCUMENTS AND
INFORMATION
CASE NO. CV09-4515 CAS (PLAx)

- 2 -

8475V.1

1  Richard A. Lazenby (State Bar No.: 202105)
   CONDON & FORSYTH LLP
2  1901 Avenue of the Stars, Suite 850
   Los Angeles, California 90067-6010
3  Telephone: (310) 557-2030
   Facsimile: (310) 557-1299
4  Email: rlazenby@condonlaw.com

5  Attorneys for Defendant and Third-Party Plaintiff
   HAWAIIAN AIRLINES, INC.
6
   LON B. ISAACSON ASSOCIATES
7  An Affiliation Including A
   Professional Law Corporation
8  Stephen R. Onstot, Esq.  (SBN 139319)
   3435 Wilshire Boulevard, Suite 2910
9  Los Angeles, California 90010-2015
   Telephone Number:  (213) 487-7200
10 Fax Number:           (213) 383-2884
   After Hours:           (310) 995-4444
11
   Attorney for Plaintiff
12 JULIE MARIE THOMPSON

13              UNITED STATES DISTRICT COURT

14             CENTRAL DISTRICT OF CALIFORNIA

15

16 JULIA MARIE THOMPSON, an        )  Case No. CV09-4515 CAS (PLAx)
   individual,                      )
17                                  )  **AMENDED STIPULATION AND**
                Plaintiff,          )  **PROTECTIVE ORDER**
18                                  )  **REGARDING PROTECTION OF**
        vs.                         )  **CONFIDENTIAL DOCUMENTS**
19                                  )  **AND INFORMATION**
   HAWAIIAN AIRLINES, INC., a Hawaii)
20 corporation; and DOES 1-10, inclusive,)
                                    )
21              Defendants.         )
                                    )
22 _____      )
                                    )
23 HAWAIIAN AIRLINES, INC., a Hawaii)
   corporation,                     )
24                                  )
                Third-Party Plaintiff,)
25                                  )
        vs.                         )
26                                  )
   DANNY STEELE,                    )
27                                  )
                Third-Party Defendant.)
28

   AMENDED STIPULATION AND PROTECTIVE ORDER
   REGARDING PROTECTION OF CONFIDENTIAL
   DOCUMENTS AND INFORMATION
   CASE NO. CV09-4515 CAS (PLAx)                                   8485V.1

## I.     GOOD CAUSE STATEMENT

This case arises from an alleged sexual battery on plaintiff Julia Marie Thompson by another passenger, Danny Steele, on a flight operated by defendant Hawaiian Airlines, Inc., from Los Angeles to Honolulu.  Plaintiff is seeking monetary damages for alleged economic and emotional injuries as a result of the incident.

Plaintiff seeks discovery of documents and information from Hawaiian Airlines, which includes, but is not limited to, Hawaiian Airlines' internal policies and procedures, and personal identification and contact information for Hawaiian employees and customers.  Hawaiian's internal policies and procedures are trade secret and proprietary, and should not be publically disseminated, particularly for access by competitors of Hawaiian Airlines.  Also, the risk of public dissemination of personal contact and identification information for Hawaiian Airlines' employees and customers should be eliminated to the extent possible.

Hawaiian Airlines seeks discovery of Plaintiff's medical records related to mental or emotional injuries or other potentially relevant information which pre-exists the alleged sexual battery at issue in this case.  Upon information and belief, and based upon review of the criminal trial testimony, Plaintiff's pre-incident medical records contain details about Plaintiff's emotional and mental health that are personal in nature.  Post-incident records are also being sought to evaluate the alleged impact that this incident had on plaintiff in ways that are also personal in nature, given the crime that was committed.  Accordingly, the risk of public dissemination of the contents of these and other records related to an evaluation of Plaintiff's damages should be eliminated, to the extent possible.

The Parties to this action have negotiated in good faith and now submit to the Court for approval this proposed Stipulated Protective Order governing the production and use of confidential documents and information during the course of

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

AMENDED STIPULATION AND PROTECTIVE ORDER
REGARDING PROTECTION OF CONFIDENTIAL
DOCUMENTS AND INFORMATION
CASE NO. CV09-4515 CAS (PLAX)

- 2 -

8485V.1

1   this case.

2   **II.     TERMS OF PROTECTIVE ORDER**

3       1.     Any Party may designate items of discovery or other information

4   produced or disclosed to any other Party as confidential and subject to the terms of

5   this protective order, so long as any such designation is made in good faith and

6   only with respect to items (documents, tangible things or information) that the

7   asserting Party in good faith believes are entitled to such designation.  Items may

8   be designated as confidential if they consist of confidential information related to a

9   party's business or the business of a third party, including, but not limited to,

10  information concerning trade secrets, proprietary information, customer lists,

11  medical records and financial information.  All documents designated as

12  confidential under this Order shall be marked prior to production by placing the

13  legend **"CONFIDENTIAL"** (or words to that effect) on each page of the

14  document.  Except as otherwise adjudicated by the Court, all items so marked, and

15  all copies, prints, summaries, or other reproductions of such information, shall be

16  subject to this Order.

17      2.     Unless otherwise directed by the Court or through prior written

18  agreement of the Parties, and subject to the limitations of Paragraph 1, information

19  and documents subject to this Order shall not be used or shown, disseminated,

20  copied, or in any way communicated to anyone for any purpose whatsoever, other

21  than as required for pre-trial discovery and the preparation of trial.  Any copies,

22  excerpts, summaries, analyses, or other disclosures of, or references to, the

23  substance or contents of any information designated as confidential shall be

24  protected to the same extent as the underlying information.  Except as provided for

25  below and in the paragraphs that follow, the Parties shall keep all confidential

26  information and documents strictly confidential from all persons.  The information

27  and documents subject to this Order may be disclosed only to (a) the actual named

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  Parties, in the case of individual (non-corporate) Parties in this action; (b) in the

2  case of corporate Parties in this action, officers, directors, insurers, in-house

3  counsel and current and former employees of such corporations deemed reasonably

4  necessary by counsel for the preparation of the prosecution or defense of the trial

5  of this action, including employees and former employees of such Parties who

6  testify as pretrial or trial witnesses in connection with this action; (c) counsel (and

7  their staff) who represent the Parties in this action; (d) experts or consultants

8  retained by counsel, whether or not they are expected to testify; and (e)

9  stenographic and/or videographic personnel hired to record testimony.

10  Notwithstanding any other provisions of this Order, no information regarding

11  Hawaiian Airlines, Inc., or other information designated as confidential by

12  Hawaiian Airlines shall be disclosed to any competitor of Hawaiian Airlines,

13  including, but not limited to, any current employee, contractor, officer, director,

14  agent, retained expert, legal counsel or other representative of a competitor of

15  Hawaiian Airlines, without the prior written approval of Hawaiian Airlines, unless

16  further ordered by the Court.  For purposes of this paragraph, a competitor of

17  Hawaiian Airlines is defined as any individual, partnership, limited liability

18  company, corporation, joint-stock company, joint venture, association, trust, estate,

19  or other entity or organization (collectively, "Competitor"), including the

20  Competitor's employees, officers, directors, contractors, agents and other

21  representatives, which is engaged directly or indirectly in the business of the

22  commercial transport of passengers and/or cargo to and from destinations by air at

23  any place in the world.

24        3.    Disclosures shall be made to such persons identified in Paragraph 2,

25  and such persons may review such disclosures only as necessary for purposes of

26  pre-trial discovery and trial preparation.  The persons identified in Paragraph 2

27  shall not otherwise disseminate the information and documents subject to this

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

AMENDED STIPULATION AND PROTECTIVE ORDER   - 4 -
REGARDING PROTECTION OF CONFIDENTIAL
DOCUMENTS AND INFORMATION
CASE NO. CV09-4515 CAS (PLAX)                      8485V.1

1   Order, or the substance of such information or documents.

2       4.      Counsel (and counsel's staff) for the receiving Parties will abide by,

3   and be bound by, the provisions of this Protective Order, and will use due care to

4   ensure that the provisions of the Protective Order are known and adhered to by

5   clients, all persons under counsel's supervision and/or control and any person, firm

6   or corporation who has been retained by counsel to act on the receiving Party's

7   behalf in connection with this litigation.

8       5.      With respect to deposition testimony and any document marked as an

9   exhibit thereto, the designation of confidentiality may be made on the record at the

10  time of the deposition, and the designated testimony shall be subject to the full

11  protection of this Order, unless challenged in accordance with the procedures of

12  Paragraph 14. In the case of testimony not so designated during the course of a

13  deposition, counsel may so designate confidential testimony, within thirty (30)

14  days of the deposition testimony and/or exhibits which contain confidential

15  material, in which case the designated testimony and/or exhibits shall be subject to

16  the full protections of this Order. Until the thirty (30) day period for notification

17  has elapsed, deposition transcripts in their entirety and all exhibits are to be

18  considered as confidential and proprietary and subject to the provisions of this

19  Protective Order. If, prior to and/or during the course of a deposition, a witness

20  refuses to be bound by the terms of the Protective Order, the deposition shall be

21  adjourned until application can be made to the Court regarding the deposition.

22      6.      Each person given access to documents and information subject to this

23  Order, except the Court and Court staff, must acknowledge this Order and agree, in

24  writing, to be bound by all its terms and conditions. This requirement must be

25  satisfied by obtaining the signature of the person or persons on a copy of the

26  Agreement to Be Bound By Protective Order attached as Exhibit "A" hereto. By

27  agreeing to be bound by this Order, each person consents to the jurisdiction of this

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1   Court over his or her person for any proceedings involving alleged improper

2   disclosure of documents or information protected by this Order.  Each Party shall

3   maintain the original signed written agreements and a verified list of all experts,

4   consultants or persons to whom the information and documents or copies thereof

5   were revealed.  The list of signatories shall not be revealed to any other person or

6   persons except through court order, which shall only be granted upon a showing of

7   good cause. The Parties agree that a prima facie showing of good cause may be

8   established by evidence that a protected document has been disseminated or used

9   contrary to the terms of this Order (e.g., is in the possession of one not bound by

10  the terms of this Order) and that a reasonable basis exists to find that a particular

11  individual or Party (or agents thereof) improperly used or disseminated the

12  confidential information.  The Party that appears to have improperly disseminated

13  the protected document or information shall be required to produce its list of

14  signatories to the Agreement to Be Bound by Protective Confidentiality Order to

15  the Party having claimed confidentiality.

16         7.     If a Party intends to submit to the Court a document marked as

17  Confidential, that Party or any other Party may petition the Court under the Federal

18  Rules of Civil Procedure and the Local Rules to place such document under seal.

19  The purpose of this provision is to avoid placing documents under seal

20  unnecessarily.  *Good cause must be shown for the under seal filing.*

21         8.     Neither this Order nor the designation of any item as confidential shall

22  be construed as an admission that such document, information or testimony would

23  be admissible in evidence in this litigation or in any other proceeding.  In addition,

24  this Protective Order does not, of itself, require the production of any information

25  or documents; nor does the existence of this Order constitute an admission or

26  finding that any material marked as confidential is entitled to protection under

27  applicable law.

28

AMENDED STIPULATION AND PROTECTIVE ORDER
REGARDING PROTECTION OF CONFIDENTIAL
DOCUMENTS AND INFORMATION
CASE NO. CV09-4515 CAS (PLAX)                                    - 6 -

8485V.1

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

9. Nothing in this Order shall be deemed a waiver of any Party's right to oppose discovery on grounds other than that the same constitutes or contains confidential information.

10. If any Party wishes to petition the Court to modify this Order or its application to certain documents or information, the Party shall follow all applicable Federal Rules of Civil Procedure and Local Rules in petitioning the Court for relief.

11. All Parties, within sixty (60) days of the final conclusion of all aspects of this litigation, or a dismissed Party within thirty (30) days of that Party's dismissal with prejudice prior to the final conclusion of all aspects of this litigation, shall:

(a) Provide to the Party's counsel that originally produced confidential information a copy of all Agreements executed pursuant to paragraph 7, above; and

(b) Retrieve all such confidential information, including all copies thereof and all documents identifying such confidential information, in that party's possession, custody or control, or in the possession, custody or control of all such persons to whom the confidential information was disseminated pursuant to paragraph 7, and either: 1) return all such confidential information to the Party's counsel that originally produced the confidential information (redacting any work product of the receiving counsel) at the producing counsel's business office or any subsequent address designated by that counsel, or 2) completely destroy all such confidential information; and

(c) Provide a declaration under the penalty of perjury stating that a good faith effort was made to retrieve all such confidential information received and/or disseminated, and that all such confidential information

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

AMENDED STIPULATION AND PROTECTIVE ORDER
REGARDING PROTECTION OF CONFIDENTIAL
DOCUMENTS AND INFORMATION
CASE NO. CV09-4515 CAS (PLAX)                                    - 7 -

8485V.1

1     has been either returned or destroyed as indicated in subparagraph (a) and

2     (b) above.

3     12.    Up and until the commencement of trial, but not thereafter, the

4 provisions of this Order relating to the confidentiality of protected documents and

5 information shall remain in full force and effect and continue to be binding, except

6 with respect to documents or information that is publicly available.  This Court

7 retains jurisdiction over all persons provided access to confidential materials or

8 information for enforcement of the provisions of this Order up and until trial is

9 commenced, but not thereafter.

10     13.    Nothing in this Order shall be deemed to preclude any Party from

11 seeking or obtaining, on the appropriate showing, additional protection with

12 respect to the confidentiality of documents or information.  Nor shall any provision

13 of this Order be deemed to preclude any Party from challenging the validity of the

14 confidentiality of any materials or information so designated.

15     14.    If a Party elects to challenge the designation of confidentiality

16 ("Challenging Party") of any document, information or testimony, the Challenging

17 Party shall notify the Party who designated the challenged document ("Designating

18 Party") as confidential of its challenge, in writing.  The parties shall meet and

19 confer to resolve any issues and proceed with a motion to the court, if necessary, in

20 accordance with Local Rule 37. The Designating Party shall have the burden to

21 prove that the challenged document, information or testimony is entitled to

22 protection under applicable law.  Until such time as the Parties' contentions

23 regarding the confidentiality of documents, information or testimony are fully and

24 finally adjudicated, all documents, testimony or other materials designated by

25 defendants as confidential shall retain their confidential status.  Nothing in this

26 agreement shall be deemed to alter, modify or reduce the burden on any party

27 asserting a privilege to make out all elements of the privilege claimed.

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

AMENDED STIPULATION AND PROTECTIVE ORDER    - 8 -
REGARDING PROTECTION OF CONFIDENTIAL
DOCUMENTS AND INFORMATION
CASE NO. CV09-4515 CAS (PLAX)                     8485V.1

15.     It is recognized by the Parties to this Protective Order that documents or testimony may be designated inadvertently or erroneously as confidential, or that such a designation inadvertently or erroneously may be omitted with respect to documents or information that are entitled to such protection.  Any Party to this Protective Order may correct its designation or lack thereof within a reasonable time and shall, at its own expense, furnish to all counsel copies of the documents for which there is a change in designation.

16.     It is recognized by the Parties that documents or testimony stamped as confidential may be inadvertently disclosed to third parties by a receiving Party. Any receiving Party may correct this inadvertent disclosure without sanction by immediately bringing it to the attention of the producing Party by letter to the producing Party's counsel in which the third Party is identified by name and address.  The receiving Party shall further provide an affidavit of counsel confirming that to the best of his or her knowledge the documents and any copies thereof were recovered from the third party.

17.     All documents or information produced by the Parties prior to the entry of this Protective Order by the Court shall be subject to the provisions of this Protective Order to the same extent as if such Protective Order had been entered by the Court as of the date such documents or information were produced.  Producing Parties shall have thirty (30) days from the date of entry of this Order to designate already-produced materials as confidential.  However, documents or information obtained through means other than discovery in this action shall not be subject to this Protective Order.

18.     In the event that any person identified in paragraph 2 above who has been provided access to confidential information produced in this action ("Person Served"):  (a) is served with a subpoena in another action, or (b) is served with a demand in another action to which he or she is a party, or (c) is served with any

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1   other legal process by one not a Party to this litigation, seeking information that

2   has been produced in this action by another Party and which is subject to this

3   Protective Order, the Person Served shall give prompt written notice of such event

4   to counsel of record for the Party that produced the information.  Upon receipt of

5   written notice, the Party which produced the information shall advise the Person

6   Served of that Party's position with respect to the protected information.

7   Thereafter, the Party which produced the information shall assume responsibility

8   for prosecuting any objection to the discovery requests, subpoena or demand, and

9   the Person Served shall cooperate to the extent necessary to preserve the

10   confidentiality of the information.  Should the person seeking access to

11   information take action to enforce such discovery requests, subpoena, demand, or

12   other legal process, the Person Served shall set forth in his response the existence

13   of this Stipulated Protective Order.  Nothing herein shall be construed as requiring

14   the receiving Party to challenge or appeal any order requiring production of the

15   information.

16          19.     This Order shall not prejudice the Parties' rights or arguments

17   regarding whether documents or information used at trial do or do not remain

18   confidential. Such issues will be taken up as a separate matter upon motion of any

19   Party.

20

21   Dated:  March 8, 2010                    LON B. ISAACSON ASSOCIATES

22

23                                           By:/s/ Stephen R. Onstot
                                                STEPHEN R. ONSTOT
24                                              Attorneys for Plaintiff
                                                JULIA MARIE THOMPSON
25

26

27

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

AMENDED STIPULATION AND PROTECTIVE ORDER          - 10 -
REGARDING PROTECTION OF CONFIDENTIAL
DOCUMENTS AND INFORMATION
CASE NO. CV09-4515 CAS (PLAX)                                          8485V.1

1   Dated:  March 8, 2010                    CONDON & FORSYTH LLP

2

3                                            By:/s/ Richard A. Lazenby
                                                RICHARD A. LAZENBY
4                                               Attorneys for Defendant and Third-Party
                                                Plaintiff
5                                               HAWAIIAN AIRLINES, INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

AMENDED STIPULATION AND PROTECTIVE ORDER        - 11 -
REGARDING PROTECTION OF CONFIDENTIAL
DOCUMENTS AND INFORMATION
CASE NO. CV09-4515 CAS (PLAX)                                    8485V.1

**APPROVED AS TO FORM:**

## EXHIBIT "A"

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, the undersigned, acknowledge that I will be receiving documents that have been designated confidential and subject to the terms of the Stipulated Protective Order entered in the above-captioned case. I understand that such confidential material is to be provided to me pursuant to the terms and restrictions of the aforementioned Protective Order and acknowledge that I have been given a copy of and have read that Protective Order. I understand that any use by me of documents or information designated confidential under the Stipulated Protective Order, or any portion or summaries thereof, in any manner contrary to the provisions of the Stipulated Protective Order, will subject me to the sanctions of the Court. I hereby agree to be bound by all of its terms.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated this __ day of _____, _____.

_____

*Signature*

_____

*Printed Name*