# WHITE

CONSULTING | MEDIATION

## Thompson vs. Hawaiian Airlines, Inc. Report by Kelli White Jones

**RE:** Julia Marie Thompson vs. Hawaiian Airlines, Inc – United States District Court - Central District of California – Western Division

### Purpose

The following report will offer opinions regarding the issues surrounding an incident on December 2, 2007, in which Ms. Thompson states she was sexually harassed while on a flight from LAX – HNL by the passenger seated next to her.

### Qualifications

See Attachment, which also includes litigation experience.

### Incident Summary

During the boarding process, the Hawaiian Airlines ground agent informed the flight attendants that there was a passenger who appeared to be intoxicated in the boarding area. After being told by the boarding door flight attendant that they would not take the passenger onboard, the gate agent stated that she had not boarded the passenger and didn't know where he went.

During the first beverage service, with the help of a fellow passenger, Mr. Steele purchased three drinks from the flight attendants (two beers and a wine). He offered the wine to Ms. Thompson and drank the two beers himself. Ms. Thompson states that after falling asleep she woke up when Mr. Steele had his head on her shoulder and his leg touching hers. She states that she told him she didn't appreciate the physical contact and asked him to stop.

Later in the flight Ms. Thompson approached a flight attendant and told her that she felt like she was being harassed. She stated that she had again awoken when Mr. Steele's hand was rubbing up against her inappropriately. The flight attendants moved Ms. Thompson to the front of the aircraft and had a male flight attendant keep an eye on Mr. Steele who was sleeping in his seat for the remainder of the flight. The FBI met the flight in HNL and questioned Mr. Steele, taking him into custody.

### Documentation and Items Reviewed

- Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment/Adjudication, dated July 19, 2010.
- Portions of Flight Attendant, Mr. Kim, testimony, dated June 28, 2010.
- Redacted Department of Public Safety Report, dated December 2, 2007.
- Transcript of videotaped deposition of Danny Steele, dated May 14, 2010.
- Deposition of Julia Marie Thompson, dated June 29, 2010.

- Portions of 2nd Flight Attendant testimony, dated June 28, 2010.
- Portions of Hawaiian Airlines In-Flight Manual regarding Alcohol Service, dated October 10, 2007.
- Hawaiian Airlines In-Flight Incident Report for Flight 0009, dated December 2, 2007.

Background

The Federal Aviation Regulations clearly identify rules for airlines to follow in reference to alcohol and passengers:
- FAR 121.575(b) states, "No certificate holder may serve any alcoholic beverage to any person aboard any of its aircraft who – (1) Appears to be intoxicated…".
- FAR 121.575(c) states, "No certificate holder may allow any person to board any of its aircraft if that person appears to be intoxicated".

Ground agents have more resources to deal with these types of situations than flight attendants do in the air. If necessary, while on the ground, gate agents have supervisors and airport police that can assist them when they deal with intoxicated or disruptive passengers.

Passengers are not typically aware of the effects of alcohol on their body while flying. At high altitudes, the air in an aircraft cabin is dry. This adds to the discomfort some passengers may experience while flying. The air in an aircraft cabin is also less dense. For these reasons, alcohol has a much greater affect on the body while flying that it does when a passenger is on the ground. A good rule of thumb is that one drink while flying will affect you the same way that two or even three drinks do on the ground.

Opinions Formed

- The first mistake made by Hawaiian Airlines was made by ground personnel. After determining that a passenger in the boarding area appeared to be intoxicated, there is no information that shows that the gate agent did anything to prevent the passenger from boarding the aircraft. The agent did not call a supervisor to help them deal with the situation, the agent did not pull the passenger's ticket or disable the bar code (that could have prevented the passenger from boarding the flight), nor did the agent rebook the passenger on a later flight after he could have time to get food and/or sober up to be fit to fly. Any one of these actions could have prevented the passenger who appeared to be intoxicated from getting on the flight. By Mr. Steele's own admissions, he was "really drunk" when he boarded the Hawaiian Airlines flight, as he states numerous times in his depositions. Per Federal Aviation Regulations Mr. Steele should not have been boarded on Hawaiian Airlines flight 0009.
- When ground agent "lost" the passenger who appeared to be intoxicated, it does not appear that she made any attempt to locate that passenger, nor did she check onboard to see if the passenger got on the aircraft.
- The gate agent also neglected to provide the flight attendants any detailed information regarding what the passenger who appeared to be intoxicated looked like, in order for them to assist in locating the passenger or to enable them to be prepared if they encountered the passenger at a later time (as it appears they did once in flight).
- Hawaiian Airlines onboard policies do not caution flight attendants to only serve one alcoholic beverage at a time as many other carriers' policies and procedures do. This policy, if in place, gives flight attendants the ability to monitor alcohol consumption by spreading out the alcohol service over time thus allowing flight attendants time to observe the effects of alcohol on the passengers. Hawaiian Airlines flight attendants served Mr. Steele 3 drinks at one time…2 beers

- and a wine. This did not allow them to observe the passenger's behavior between drinks to ensure serving him more alcohol would not present a problem.
- Not all passengers know how alcohol affects them differently in the air. It does not appear that Hawaiian Airlines informs their passengers, nor even their flight attendants, of this fact.
- Onboard policy, from Hawaiian Airlines' own In-Flight Manual, also appears lax (or confusing at best) when it states "A flight attendant may refuse to serve alcoholic beverages to a passenger who appears intoxicated." This is in direct violation of the Federal Aviation Regulations which actually PROHIBIT a flight attendant from serving alcohol to a passenger that appears to be intoxicated (as is stated just above the handbook statement that they "may refuse"). Flight attendants are clearly given conflicting information with regards to the service of alcohol.
- Another statement within Hawaiian Airlines procedures that may confuse flight attendants as to what their priorities should be is on page FAR-53 of their In-Flight Manual that states: "In an instance where it becomes necessary to enforce the regulations, special care should be exercised to prevent loss of good will." Understandably these situations are sensitive in nature, but when it comes to violations of FAA regulations, the company should be less concerned about "customer good will" and more concerned with ensuring the safety of their other passengers by complying with the law.
- Once the incident was reported to Hawaiian Airlines' flight attendants, by Ms. Thompson, the flight attendants handled the situation professionally and did what they could to provide for the safety of passenger Thompson for the rest of the flight.
- The absence of a Captain's report (even though the FBI met the flight) and a ground agent report is concerning. It is unclear whether Hawaiian Airlines is closing the loop and trying to learn from past incidents in order to prevent the same type of incident from happening in the future. No information has been provided to show that supervisors have met with or followed up with the ground agents to inform them how their actions helped create a harmful incident in flight.

Conclusion

Ms. Thompson's experience aboard Hawaiian Airlines Flight 0009 could have been avoided if Hawaiian Airlines had done one of a couple different things. If they had prevented Mr. Steele, who as he stated himself was "completely intoxicated" from boarding the aircraft, Ms. Thompson would not have had the interaction with Mr. Steele that she did. If Hawaiian Airlines had a policy of serving passengers one drink at a time, as many other airlines do, they may also have prevented this incident from happening because they would have had more opportunity to monitor Mr. Steele's alcohol intake and may not have contributed further to his intoxication.